1  Lisa Bloom (158458)
2  Jivaka Candappa (225919)
3  A. Douglas Mastroianni (150438)
   **THE BLOOM FIRM**
4  20700 Ventura Blvd., Suite 301
   Woodland Hills, CA 91364
5  Telephone: (818) 914-7320
   Facsimile:  (866) 852-5666
6  Email:  Lisa@thebloomfirm.com
7           Jivaka@thebloomfirm.com

8

9  Attorneys for Plaintiffs HELEN LANGLEY,
   DARRELL SMITH, DUARRELL SMITH,
10 IRVIN ANDERSON, LIONELL CHISM,
   WILLFREDO CHISM, L.L., and D.L
11

12                **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| HELEN LANGLEY, DARRELL SMITH, DUARELL SMITH, IRVIN ANDERSON, LIONELL CHISM, WILLFREDO CHISM, L.L. and D.L. minors, by and through their guardian ad litem HELEN LANGLEY, | Case No. |
| | **COMPLAINT FOR DAMAGES:** |
| | **1. 42 U.S.C. §1983 (Unlawful Search);** |
| Plaintiffs, | **2. 42 U.S.C. §1983 (Unlawful Seizure);** |
| vs. | **3. 42 U.S.C. §1983 (Unlawful Search);** |
| CITY OF LOS ANGELES, OFFICER GAXIOLA (#36214), OFFICER REYES (#36868), SARGEANT SANDOZ (#31257); DOE 1 through DOE 10, in their official and individual capacities, | **4. 42 U.S.C. §1983 (Retaliation);** |
| | **5. 42 U.S.C. §1983 (Super. Liability).** |
| | **[Filed Concurrently with Petition for Appointment of Guardian Ad Litem and Demand for Jury Trial]** |
| Defendants. | |

COMPLAINT FOR DAMAGES                *Helen Langley et al. vs. City of Los Angeles et al.*
                                -1-

Plaintiffs DARRELL SMITH, DUARRELL SMITH, IRVIN ANDERSON, LIONELL CHISM, WILLFREDO CHISM, HELEN LANGLEY, individually, and as guardian ad litem for L.L., and D.L. hereby allege as follows:

## PARTIES

1. Plaintiff HELEN LANGLEY is a 55-year old African-American female who resides in Los Angeles, California.

2. Plaintiff DARRELL SMITH is a 36-year old African-American male who resides in Los Angeles, California.

3. Plaintiff DUARRELL SMITH is a 18-year old African-American male who resides in Los Angeles, California.

4. Plaintiff IRVIN ANDERSON is a 24-year old African-American male who resides in Los Angeles, California.

5. Plaintiff LIONEL CHISM is an 19-year old African-American male who resides in Los Angeles, California.

6. Plaintiff WILLFREDO CHISM is a 19-year old African-American male who resides in Los Angeles, California.

7. Plaintiff L.L. is a 12-year old African-American female who resides in Los Angeles, California.

8. Plaintiff D.L. is a 10-year old African-American male who resides in Los Angeles, California.

9. On information and belief, Defendants OFFICER GAXIOLA (#36214), OFFICER REYES (#36868), SARGEANT SANDOZ (#31257); and DOE 1 through DOE 10 were, at all times material to this Complaint, and employees of Defendant CITY OF LOS ANGELES.

10. The true names of Defendants named as DOE 1 through DOE 10 are presently unknown to Plaintiffs.  Plaintiffs will further amend this Complaint, setting forth the true names of these DOE Defendants when they are ascertained. Plaintiffs are informed and believe, and on that basis, allege that each of the DOE Defendants participated in the acts, as alleged in this Complaint.

On information and belief, Defendant City of Los Angeles was, at all times material to this Complaint, responsible for the employment, training, supervision, and discipline of Defendants Gaxiola, Reyes, Sandoz, and DOE 1 through DOE 10.

11. On information and belief, Defendants Gaxiola, Reyes, Sandoz, and DOE 1 through DOE 10 sued here in their individual and official capacities, were at all times material to this Complaint duly employed, appointed, and acting as sworn peace officers of the Los Angeles Police Department ("LAPD"), acting under color of law to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of California and/or the City of Los Angeles.  At all times material to this Complaint, Defendants Gaxiola, Reyes, Sandoz and DOE 1 through DOE 10 acted within the scope of their employment with Defendant City of Los Angeles.

12. Plaintiffs are informed and believe that each Defendant was the agent or employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed in this Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

13. Plaintiffs are informed and believe that each of the Defendants caused the unlawful conduct and resulting injuries which give rise to this complaint by participating in the unlawful conduct or acting jointly with others who did so; authorizing, acquiescing in, or setting in motion actions that led to the unlawful conduct; failing to take action to prevent the unlawful conduct; failing to take remedial action to prevent further harm to Plaintiffs; failing and refusing to initiate or maintain adequate training and supervision with deliberate indifference to Plaintiffs' rights; and/or ratifying the unlawful conduct and actions by employees and agents under Defendants' direction and control.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. §§ 1331.

15. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 84 and 1391 because the events that gave rise to the claims alleged in this Complaint arose in the City of Los Angeles and one or more defendants reside in the City of Los Angeles or conducts business in the City of Los Angeles.

## COMPLIANCE WITH CALIFORNIA TORT CLAIMS ACT

16. This Complaint alleges violations of Plaintiffs' civil rights arising out of two incidents - the first on March 3, 2016 ("March 2016 incident") and the second on September 19, 2016 ("September 2016 incident").

17. Plaintiffs timely filed their respective notices of claims with the City of Los Angeles pursuant to the California Tort Claims Act.

## STATEMENT OF FACTS

### Incident 1

18. On or about March 3, 2016 ("March 2016 Incident") approximately three uniformed LAPD officers entered Ms. Langley's home. Before entering Ms. Langley's property, the officers failed to present a warrant or receive Ms. Langley's express or implied permission to enter her gated property.

19. When Ms. Langley first saw the officers running toward her backyard, she was standing on her porch. At that time, Ms. Langley's nephew, Wilfredo Chism, and son, Darrell Smith, who was a minor, were playing in Ms. Langley's backyard. Ms. Langley followed the officers to her backyard because she noticed their threatening demeanor and she feared for her children. One of the officers turned around and pointed a gun at Ms. Langley's forehead. Ms. Langley was then pushed into the iron fence that surrounds her property. Shortly thereafter, several other LAPD officers arrived at Ms. Langley's home and also entered Ms. Langley's property without Ms. Langley's consent or warrant.

20. Upon entry to Ms. Langley's backyard, the LAPD officers immediately applied excessive force against Ms. Langley's children despite their compliant and

non-threatening behavior. Ms. Langley's children were pushed, punched, placed in chokeholds, and held at gun point by the officers.

21. Plaintiff Darrell Smith, a minor at the time, was choked several times by officers. Duarrell pleaded for the officers to stop because he was unable to breath. The officers ignored Duarell's pleas to stop choking him and, as a result, Duarell suffered a temporary loss of vision. Instead of seeking medical attention for Duarell, the officers arrested and booked Duarrell. Duarrell was held in custody for four hours without justification.

22. Plaintiff Darrell Smith, who was inside the home when the first officers arrived, immediately rushed to the backyard when he heard Duarrell's pleas for help. When Darrell saw the officers assaulting Duarrell, he began recording the incident with his cell phone. The officers immediately responded by pointing their guns at Darrell and the other family members in the yard. After the officers arrested and removed Duarrell from the backyard, they returned and demanded that Darrell hand over his cell phone. When Darrell refused to turn the phone over, the officers detained Wilfredo Chism and Darrell Smith stating that they were "involved." Darrell was held in custody for four days without justification.

23. During the two-hour unlawful entry and investigation, the officers acted in clear disregard for the health and safety of Ms. Langley's children. Plaintiff Wilfredo Chism, was willfully deprived of his medication. Wilfredo made multiple requests to the officers for access to his medication and the officers responded, "tough luck." The officers deliberately ignored Wilfredo's requests with disregard for the potential health risks.

24. In addition to assaulting Ms. Langley and her children in the yard, several officers also unlawfully entered and searched Ms. Langley's home. The officers verbally abused everyone inside the residence, including the minor children, using profane language and threatening to shoot everyone. The officers also used unlawful force in removing Plaintiffs from the inside of the home, including slamming Plaintiff Irvin Anderson onto the exterior walls of the home and placing

Plaintiffs Lionel Chism and Wilfredo Chism in a choke hold with their arms bent backwards.

25. In addition, one officer pointed a gun at Plaintiff Anderson Irvin's two-year old child, without justification and with the clear intent of terrorizing the child and his father. The officers' violent and terrorizing acts caused two of the minor children, who were inside the residence, to hide in an attempt to seek refuge.

26. During the unlawful entry, the occupants of Ms. Langley's residence were not only victims to physical and/or verbal assaults by the officers, but they were also witnesses of the horrific incidents. Plaintiffs witnessed the officers choking the younger children in the backyard, depriving Wilfredo of his medication, pointing a gun at a toddler, and threatening to shoot everyone in the residence. Ms. Langley was unable to defend herself or her children because she feared for her life and the life of her children. Plaintiffs L.L. and D.L., both minors, also witnessed the officers' assault while hiding in another room because they feared for their lives.

27. As a result of the officers' unlawful entry and unjustified use of excessive force, Plaintiffs sustained significant physical and emotional injuries.

28. As a result of the unlawful search, Ms. Langley's personal property was damaged and displaced.

## Incident 2

29. On or about September 19, 2016 ("September 2016 Incident"), six LAPD officers arrived at Ms. Langley's home. Four of the officers initially approached Ms. Langley's front door, which is enclosed by a second gate. The officers entered the property under the pretext that they were checking on a probation matter – asking about the whereabouts of a third party, Donny Holton ("Donny"). Ms. Langley explained that Donny had been in an Alaskan prison for the last few months, which was information readily available to the officers via a search of computer accessible police records. Plaintiffs are informed and believe and thereon allege that the officers knew the whereabouts of Mr. Holton before arriving at the property on September 19, 2016.

30. While the four officers intentionally distracted Ms. Langley at her front door, two officers walked the perimeter of Ms. Langley's property and entered the backyard without Ms. Langley's consent or a search warrant. While one officer guarded the backyard's front entrance, the other officer walked around and investigated the back corner of Ms. Langley's yard. When Ms. Langley's brother exited the home from a side door, he saw the two officers searching the yard. The two officers immediately exited the backyard and shortly thereafter, the six officers left Ms. Langley's property.

31. This unconsented and warrantless search of Ms. Langley's backyard violated Ms. Langley's constitutional right against unlawful searches. Ms. Langley has a reasonable expectation of privacy, especially in her home. Ms. Langley is informed and has reason to believe that the unlawful search that took place on September 19, 2016 derives directly from the March 2016 Incident. After the unlawful acts by LAPD officers discussed in Incident 1, Ms. Langley retained counsel and filed a claim with the City of Los Angeles based the officers illegal conduct outlined herein. Thereafter, several LAPD officers have retaliated against Ms. Langley by incessantly and brazenly harassing her and her family. The officers have carefully crafted a plan to intimidate Ms. Langley and her family in order to prevent further legal action. In doing so, the officers have not only violated Ms. Langley's constitutional right against unlawful searches, but they have also severed public trust by abusing their police power.

## CLAIMS FOR RELIEF

### FIRST CLAIM

**(42 U.S.C. §1983 -- Applicable to March 2016 Incident)**

**Unlawful Search Under the 4th Amendment**

**(Langley against Defendants Gaxiola, Reyes, Does 1-10 in their Official and Individual Capacities)**

32. Plaintiffs re-allege and incorporate by reference the allegations contained in the previous paragraphs as if fully set forth herein.

33. The Fourth Amendment to the United States Constitution, which is applicable to the States under the Fourteenth Amendment, prohibits unreasonable searches.

34. Defendants Gaxiola, Reyes, Sandoz, and DOE 1 through DOE 10, conspired to deprive and did deprive Plaintiffs of their constitutional right to be free from unreasonable searches. Defendants acted jointly and in concert with one another in depriving Plaintiffs of their constitutional rights to be free from unreasonable searches.

35. Defendants entered and searched Plaintiff Helen Langley's home without a warrant and without consent. Defendants searched Plaintiffs without any articulable facts connecting Plaintiffs to criminal activity or providing probable cause. During the forcible unlawful entry, Defendants applied excessive force to Plaintiffs.

36. Defendants acted under color of law and in the performance of their official duties under federal, state, county, or municipal laws, ordinances, or regulations in violating Plaintiffs' rights guaranteed by the Fourth Amendment.

37. As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, damages in an amount according to proof, including but not limited to attorney's fees and costs, to remedy the unlawful conduct.

38. Because Defendants acted with reckless indifference or callous disregard for Plaintiffs' rights to be free from unreasonable searches, Plaintiffs are entitled to punitive damages.

## SECOND CLAIM

### (42 U.S.C. § 1983 -- Applicable to March 2016 Incident)

### Unlawful Seizure and Excessive Force Under the 4th Amendment

### (All Plaintiffs against Defendants Gaxiola, Reyes, Does 1-10 in their Official and Individual Capacities)

39. Plaintiffs re-allege and incorporate by reference the allegations contained in the previous paragraphs as if fully set forth herein.

40. The Fourth Amendment to the United States Constitution, which is applicable to the States under the Fourteenth Amendment, prohibits unreasonable seizures.

41. Defendants Gaxiola, Reyes, Sandoz, and DOE 1 through DOE 10, collaborated to order and effectuate Plaintiffs detention, and the arrest of Darrell Smith and Duarrell Smith. Defendants acted jointly and in concert with one another in depriving Plaintiffs of their constitutional rights pursuant to the Fourth Amendment to the United States Constitution.

42. Defendants acted under color of law and in the performance of their official duties under federal, state, county, or municipal laws, ordinances, or regulations in detaining and/or arresting Plaintiffs.

43. Defendants intentionally and unlawfully deprived Darrell of his liberty by arresting and detaining him for several days without probable cause, articulable facts connecting him to criminal activity, or an arrest warrant. Defendants' conduct violated Darrell Smith's clearly established constitutional right to be free from unreasonable seizures.

44. Defendants intentionally and unlawfully deprived Duarrell of his liberty by arresting and detaining him for several hours without probable cause, articulable facts connecting him to criminal activity, or an arrest warrant. Defendants' conduct violated Duarrell Smith's clearly established constitutional right to be free from unreasonable seizures.

45. Defendants intentionally and unlawfully deprive Plaintiffs Helen Langley, Irvin Anderson, Lionell Chism, Willfredo Chism, L.L, and D.L of their liberty by detaining them for several hours without probable cause, articulable facts connecting them to criminal activity, or an arrest warrant. Defendants' conduct violated Plaintiffs' clearly established constitutional right to be free from unreasonable seizures.

46. The seizure of Plaintiffs by said Defendants was not objectively reasonable under the circumstances.

47. The duration of Plaintiffs' seizure by Defendants was unreasonable under the circumstances.

48. Defendants used excessive and unreasonable force on Plaintiffs. The level of force used by Defendants was not objectively reasonable under the circumstances.

49. Defendants Gaxiola, Reyez, Sandoz, City of Los Angeles, and Doe 1 through Doe 10 had a duty to protect Plaintiffs during their apprehension and breached their duty of care to Plaintiffs. Each of the Defendants failed to intervene to prevent the constitutional abuses by the others though able to do so.

50. Defendants willfully and maliciously battered and/or threatened to harm Plaintiffs.

51. Defendants' actions were arbitrary and capricious. The Defendants' actions were planned, premeditated, punitive in nature, intended to harm Plaintiffs, and did in fact harm Plaintiffs.

52. As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, damages in an amount according to proof, including but not limited to attorney's fees and costs, to remedy the unlawful conduct.

53. Because Defendants acted malice and the intent to deprive Plaintiffs of their constitutional rights, or with reckless indifference or callous disregard for

Plaintiffs' constitutional rights, Plaintiffs are entitled to punitive damages against the individual Defendants.

### THIRD CLAIM
### (42 U.S.C. § 1983 - Applicable to September 2016 Incident)
### Unreasonable Search Under the 4th Amend.
### (Langley against DOES 1-10 in their official and individual capacities)

54. Plaintiff Helen Langley re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if fully set forth herein.

55. Defendants and DOE 1 through DOE 10 conspired to deprive and did deprive Plaintiff of her constitutional right to be free from unreasonable searches. Defendants acted jointly and in concert with one another in depriving Plaintiff of her constitutional rights to be free from unreasonable searches.

56. Defendants and DOE 1 through DOE 10 entered and searched Plaintiff's property, which was protected by a gate, without express or implied consent, probable cause, or a search warrant.

57. Defendants acted under color of law and in the performance of their official duties under federal, state, county, or municipal laws, ordinances, or regulations in violating Plaintiff's rights guaranteed by the Fourth Amendment.

58. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, damages in an amount according to proof, including but not limited to attorney's fees and costs, to remedy the unlawful conduct.

59. Because Defendants acted with reckless indifference or callous disregard for Plaintiff's right to be free from unreasonable seizures, Plaintiff is entitled to punitive damages.

# FOURTH CLAIM

## (42 U.S.C. § 1983 -- Applicable to September 2016 Incident)

## First Amendment Violation – Retaliation

## (All Plaintiffs against Defendants Does 1-10 in their Official and Individual capacities)

60. Plaintiff Helen Langley re-alleges and incorporates by reference the allegations contained in the previous paragraphs as if fully set forth herein.

61. Defendants and DOE 1 through DOE 10 acted under color of law, and conspired to deprive, and acting jointly and in concert with one another did deprive Plaintiff of her clearly established constitutional rights guaranteed by the First Amendment to the United States Constitution.

62. Defendants retaliated against Plaintiff for exercising her First Amendment right to free speech and taking action in response to the March 2016 Incident, including retaining counsel, filing a Citizens' Complaint against the involved officers, and filling a government complaint.

63. In an effort to intimidate, harass, and prevent Plaintiff from further exercising her First Amendment rights, on or about September 19, 2016, Defendants sent six armed officers (Does 1-6) to Plaintiff's home to perform an unlawful search.

64. Defendants did not have probable cause, express or implied consent, or a valid warrant to enter Plaintiff's home.

65. Plaintiff's protected conduct was a substantial or motivating factor for the action taken against Plaintiffs by Defendants and DOE 1 through DOE 10.

66. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, damages in an amount according to proof, including but not limited to attorney's fees and costs, to remedy the unlawful conduct.

67. Because Defendants acted with reckless indifference or callous disregard for Plaintiff's First Amendment rights, Plaintiff is entitled to punitive damages.

# FIFTH CLAIM

(**42 U.S.C. § 1983 -- Applicable to both Incidents**)

**Supervisor Liability -- Violations of the 1st, 4th & 14th Amend.**

**(All Plaintiffs against Sergeant Sandoz)**

68. Plaintiffs re-allege and incorporate by reference the allegations contained in the previous paragraphs as if fully set forth herein.

69. At all times material, Defendants Gaxiola, Reyes, and DOE 1 through DOE 10 were agents of Defendant Sandoz and the City of Los Angeles. Defendants Sandoz and City of Los Angeles granted Defendants Gaxiola, Reyes, and DOE 1 through DOE 10's authority to perform as his agents.

70. Defendants Gaxiola, Reyes, and DOE 1 through DOE 10, by virtue of their job-created police authority, violated Plaintiffs' rights guaranteed by federal and California laws.

71. On information and belief, the unlawful conduct of Defendants Gaxiola, Reyez, and Does 1 through 10 was pursuant to and made possible by the customs, policies, practices, and/or procedures of the City of Los Angeles and the LAPD, which include, but are not limited to, the following:

   a. engaging in, condoning, ratifying or failing to properly investigate or discipline unreasonable searches and seizures, including use of excessive, unreasonable and unjustified force;

   b. engaging in, condoning, ratifying or failing to properly investigate or discipline officers that retaliate against citizens who exercise their constitutionally protected rights;

   c. engaging in, condoning, ratifying or failing to properly investigate or discipline officers that author fabricated incident and case reports;

   d. improperly hiring, and improperly and inadequately training and supervising officers, and failing to adopt or enforce policies and procedures for the proper training and supervision of officers;

      e. inadequately investigating and failing to adopt or enforce rules, regulations, policies, and procedures for the proper investigation of and response to citizen complaints about officer misconduct;

      f. engaging in, condoning or ratifying the actions of officers, or failing to take appropriate action against officers who maintain a "code of silence" to protect and cover up the actions of fellow officers who engage in misconduct and violate the constitutional rights of citizens.

72. The rights set forth above are embodied in clearly established constitutional law pursuant to the First, Fourth, and Fourteenth Amendments.

73. The supervising sergeants on duty at the LAPD on March 3, 2016 and September 19, 2016, including Defendant Sandoz and Does1 through 10, personally participated in and directed the other Defendants' unlawful actions against Plaintiffs. The supervising sergeants ratified and condoned the actions of the other officer Defendants who were under their supervision, and failed to intervene and stop the violation of Plaintiffs' constitutional rights.

74. Plaintiffs are informed and believe that there have been other incidents involving unlawful searches and seizures, as well as use of excessive force against by LAPD officers.

75. Plaintiffs are informed and believe that prior incidents of unlawful searches and seizures, as well as excessive force and violence by LAPD officers were reported or otherwise brought to the attention of supervisors at LAPD. Nonetheless, LAPD, its supervisors, and the City of Los Angeles failed to take appropriate corrective action to remedy such violations.

76. As a result of the customs, policies, practices, and/or procedures listed above, Defendants Gaxiola, Reyes, and Does 1 through 10 believed that their actions would not be monitored, investigated, or result in disciplinary action by their supervisors and would instead be tolerated, ratified, and/or condoned.

77. The foregoing conduct, customs, policies, practices, and/or procedures constitute deliberate indifference on the part of Defendants City of Los Angeles and Sergeant Sandoz to Plaintiffs' constitutional rights.

78. As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

79. Because Defendants Sandoz and City of Los Angeles acted with reckless indifference or callous disregard for Plaintiffs' rights guaranteed by federal and state laws, Plaintiffs are entitled to punitive damages.

## **JURY TRIAL DEMAND**

80. Plaintiffs hereby request a jury trial in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Compensatory damages according to proof against all Defendants.

2. Special damages according to proof against all Defendants.

3. Punitive damages in an amount according to proof against the individual Defendants.

4. Attorney fees and costs pursuant to 42 U.S.C. §1988 and any other statutory basis.

5. Such other relief as the Court finds just and proper.

DATED: July 25, 2017      By: /s/ Jivaka Candappa
_____
Attorneys For Plaintiffs Helen Langley; Darrell Smith; Duarell Smith; Irvin Anderson; Lionell Chism-Langley; Willfredo Chism; L.L. And D.L.