1  Lisa Bloom (158458)
2  Jivaka Candappa (225919)
   A. Douglas Mastroianni (150438)
3  Silvia Luna (315077)
   **THE BLOOM FIRM**
4  20700 Ventura Blvd., Suite 301
5  Woodland Hills, CA 91364
   Telephone: (818) 914-7320
6  Facsimile:  (866) 852-5666
7  Email:  Lisa@thebloomfirm.com
            Jivaka@thebloomfirm.com
8           Doug@thebloomfirm.com
9           Silvia@thebloomfirm.com
10 Attorneys for Plaintiffs HELEN LANGLEY,
   DARRELL SMITH, DUARRELL SMITH,
11 IRVIN ANDERSON, LIONELL CHISM,
12 WILLFREDO CHISM, L.L., and D.L

13 **MICHAEL N. FEUER,** City Attorney - SBN 111529x
   **THOMAS H. PETERS,** Chief Assistant City Attorney - SBN 163388
14 **CORY M. BRENTE,** Assistant City Attorney - SBN 115453
   **MICHAEL R. AMERIAN**, Deputy City Attorney - SBN 207610
15 200 North Main Street
16 6th Floor, City Hall East
   Los Angeles, CA  90012
17 E-mail: michael.amerian@lacity.org
   Phone No.:  (213) 978-7043 Fax No.: (213) 978-8785
18 *Attorneys for Defendants* CITY OF LOS ANGELES, OFFICER GAXIOLA,
19 OFFICER REYES, and SERGEANT SANDOZ

20           **UNITED STATES DISTRICT COURT**
21           **CENTRAL DISTRICT OF CALIFORNIA**

22 HELEN LANGLEY, et al.              ) Case No. 2:17-CV-05490 FMO (JEM)
23         Plaintiffs,               ) **DISCOVERY MATTER**
                                      ) **STIPULATED PROTECTIVE**
24         vs.                       ) **ORDER**
                                      ) Judge: Hon. John E. McDermott
25 CITY OF LOS ANGELES, et al.,       ) Ctrm: 640 255 E. Temple St. (Roybal)
26         Defendants.               ) Trial Judge: Hon. Fernando M. Olguin
27 _____
28

---
STIPULATED PROTECTIVE ORDER            1      *Helen Langley et al. vs. City of Los*
Case No. 2:17-CV-05490 FMO (JEM)              *Angeles et al.*

1    Plaintiffs and Defendants, through their respective attorneys of record,
2 stipulate to the following protective order:

3 1.    PURPOSES AND LIMITATIONS

4        1.1    Disclosure and discovery activity in this action are likely to
5 involve production of confidential, proprietary, or private information for which
6 special protection from public disclosure and from use for any purpose other than
7 prosecuting this litigation would be warranted.  Accordingly, the parties hereby
8 stipulate to and petition the court to enter the following Stipulated Protective Order.
9 The parties acknowledge that this Stipulated Protective Order ("Order") does not
10 confer blanket protections on all disclosures or responses to discovery and that the
11 protection it affords extends only to the limited information or items that are entitled
12 under the applicable legal principles to treatment as confidential.  The parties further
13 acknowledge, as set forth in Section 10, below, that this Order creates no entitlement
14 to file confidential information under seal; Civil Local Rule 79-5 sets forth the
15 procedures that must be followed and reflects the standards that will be applied when
16 a party seeks permission from the court to file material under seal.

17        1.2    Good Cause Statement:  The parties believe that the Confidential
18 Information specified in Paragraph 1.1 above or Paragraphs 2.3 and 2.4 below are
19 described with sufficient particularity to comply with Ninth Circuit standards for
20 protective orders.

21        The parties further believe that disclosure of documents designated in
22 categories listed in Paragraphs 1.1, 2.3, and/or 2.4 would violate police officers' and
23 Plaintiffs' rights to privacy.

24 2.    DEFINITIONS

25        2.1    Party:  any party to this action, including all of its officers,
26 directors, employees, consultants, retained experts, and outside counsel (and their
27 support staff).

28 ///

---

STIPULATED PROTECTIVE ORDER          2       *Helen Langley et al. vs. City of Los*
Case No. 2:17-CV-05490 FMO (JEM)              *Angeles et al.*

1    2.2 <u>Disclosure or Discovery Material</u>: all items or information,

2 regardless of the medium or manner generated, stored or maintained (including,

3 among other things, testimony, transcripts, or tangible things) that are produced or

4 generated in disclosures or responses to discovery in this matter.

5    2.3 <u>"Confidential" Information or Items</u>: information (regardless of

6 how generated, stored or maintained) or tangible things that qualify for protection

7 under standards developed under F.R.Civ.P. 26 (c). This material includes, but is not

8 limited to, Defendants' personnel records, Plaintiffs' medical and psychological

9 records, and other similar confidential records designated as such, including the

10 existence of such records and/or information.

11    2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or</u>

12 <u>Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to

13 another Party or non-party would create a substantial risk of serious injury that could

14 not be avoided by less restrictive means.

15    2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery

16 Material from a Producing Party.

17    2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or

18 Discovery Material in this action.

19    2.7 <u>Designating Party</u>: a Party or non-party that designates

20 information or items that it produces in disclosures or in responses to discovery as

21 "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

22    2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is

23 designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

24    2.9 <u>Outside Counsel</u>: attorneys who are not employees of a Party but

25 who are retained to represent or advise a Party in this action.

26    2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

27    2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel

28 (as well as their support staffs).

1      2.12  Expert: a person with specialized knowledge or experience in a

2 matter pertinent to the litigation who has been retained by a Party or its counsel to

3 serve as an expert witness or as a consultant in this action and who is not a past or a

4 current employee of a Party or a Party's competitor and who, at the time of retention,

5 is not anticipated to become an employee of a Party or a Party's competitor.

6      2.13  Professional Vendors: persons or entities that provide litigation

7 support services (e.g., photocopying; videotaping; translating; preparing exhibits or

8 demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

9 their employees and subcontractors.

10  3.    SCOPE

11      The protections conferred by this Stipulation and Order cover not only

12 Protected Material (as defined above), but also any information copied or extracted

13 therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

14 testimony, conversations, or presentations by parties or counsel to or in court or in

15 other settings that might reveal Protected Material.

16  4.    DURATION

17      Even after the termination of this litigation, the confidentiality obligations

18 imposed by this Order shall remain in effect until a Designating Party agrees

19 otherwise in writing or a court order otherwise directs.

20  5.    DESIGNATING PROTECTED MATERIAL

21      5.1  Exercise of Restraint and Care in Designating Material for

22 Protection. Each Party or non-party that designates information or items for

23 protection under this Order must take care to limit any such designation to specific

24 material that qualifies under the appropriate standards. A Designating Party must

25 take care to designate for protection only those parts of material, documents, items,

26 or oral or written communications that qualify – so that other portions of the

27 material, documents, items or communications for which protection is not warranted

28 are not swept unjustifiably within the ambit of this Order.

1    Mass, indiscriminate, or routinized designations are prohibited.

2 Designations that are shown to be clearly unjustified, or that have been made for an

3 improper purpose (e.g., to unnecessarily encumber or retard the case development

4 process, or to impose unnecessary expenses and burdens on other parties), expose the

5 Designating Party to sanctions.

6    If it comes to a Party's or a non-party's attention that information or

7 items that it designated for protection do not qualify for protection at all, or do not

8 qualify for the level of protection initially asserted, that Party or non-party must

9 promptly notify all other parties that it is withdrawing the mistaken designation.

10    5.2    Manner and Timing of Designations. Except as otherwise

11 provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

12 otherwise stipulated or ordered, material that qualifies for protection under this Order

13 must be clearly so designated before the material is disclosed or produced.

14    Designation in conformity with this Order requires:

15    (a)    for information in documentary form (apart from

16 transcripts of depositions or other pretrial or trial proceedings), that the Producing

17 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18 ATTORNEYS' EYES ONLY" at the top of each page that contains protected

19 material.  If only a portion or portions of the material on a page qualifies for

20 protection, the Producing Party also must clearly identify the protected portion(s)

21 (e.g., by making appropriate markings in the margins) and must specify, for each

22 portion, the level of protection being asserted (either "CONFIDENTIAL" or

23 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

24    A Party or non-party that makes original documents or materials

25 available for inspection need not designate them for protection until after the

26 inspecting Party has indicated which material it would like copied and produced.

27 During the inspection and before the designation, all of the material made available

28 for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

1  EYES ONLY." After the inspecting Party has identified the documents it wants
2  copied and produced, the Producing Party must determine which documents, or
3  portions thereof, qualify for protection under this Order, then, before producing the
4  specified documents, the Producing Party must affix the appropriate legend
5  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
6  ONLY") at the top of each page that contains Protected Material.  If only a portion or
7  portions of the material on a page qualifies for protection, the Producing Party must
8  clearly identify the protected portion(s) (e.g., by making appropriate markings in the
9  margins) and must specify, for each portion, the level of protection being asserted
10 (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
11 EYES ONLY").

12              (b)    for testimony given in deposition or in other pretrial or trial
13 proceedings, that the Party or non-party offering or sponsoring the testimony identify
14 on the record, before the close of the deposition, hearing, or other proceeding, all
15 protected testimony, and further specify any portions of the testimony that qualify as
16 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is
17 impractical to identify separately each portion of testimony that is entitled to
18 protection, and when it appears that substantial portions of the testimony may qualify
19 for protection, the Party or non-party that sponsors, offers, or gives the testimony
20 may invoke on the record (before the deposition or proceeding is concluded) a right
21 to have up to twenty (20) days to identify the specific portions of the testimony as to
22 which protection is sought and to specify the level of protection being asserted
23 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
24 ONLY").  Only those portions of the testimony that are appropriately designated for
25 protection within the 20 days shall be covered by the provisions of this Stipulated
26 Protective Order.

27              Transcript pages containing Protected Material must be separately
28 bound by the court reporter, who must affix to the top of each such page the legend

1 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2 ONLY," as instructed by the Party or non-party offering or sponsoring the witness or

3 presenting the testimony.

4         (c)   for information produced in some form other than

5 documentary, and for any other tangible items, that the Producing Party affix in a

6 prominent place on the exterior of the container or containers in which the

7 information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

8 CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

9 information or item warrant protection, the Producing Party, to the extent practicable,

10 shall identify the protected portions, specifying whether they qualify as

11 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12 ONLY."

13       5.3   Inadvertent Failures to Designate. If timely corrected, an

14 inadvertent failure to designate qualified information or items as "CONFIDENTIAL"

15 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing

16 alone, waive the Designating Party's right to secure protection under this Order for

17 such material. If material is appropriately designated as "CONFIDENTIAL" or

18 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was

19 initially produced, the Receiving Party, on timely notification of the designation,

20 must make reasonable efforts to assure that the material is treated in accordance with

21 this Order.

22 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

23       6.1   Timing of Challenges. Unless a prompt challenge to a

24 Designating Party's confidentiality designation is necessary to avoid foreseeable

25 substantial unfairness, unnecessary economic burdens, or a later significant

26 disruption or delay of the litigation, a Party does not waive its right to challenge a

27 confidentiality designation by electing not to mount a challenge promptly after the

28 original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the

STIPULATED PROTECTIVE ORDER
Case No. 2:17-CV-05490 FMO (JEM)

8

*Helen Langley et al. vs. City of Los Angeles et al.*

1   conditions described in this Order.  When the litigation has been terminated, a

2   Receiving Party must comply with the provisions of section 11, below (FINAL

3   DISPOSITION).

4          Protected Material must be stored and maintained by a Receiving Party

5   at a location and in a secure manner that ensures that access is limited to the persons

6   authorized under this Order.

7          7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless

8   otherwise ordered by the court or permitted in writing by the Designating Party, a

9   Receiving Party may disclose any information or item designated CONFIDENTIAL

10  only to:

11         (a)     the Receiving Party's Outside Counsel of record in this

12  action, as well as employees of said Counsel to whom it is reasonably necessary to

13  disclose the information for this litigation and who have signed the "Agreement to

14  Be Bound by Protective Order" that is attached hereto as Exhibit A;

15         (b)     the officers, directors, and employees (including House

16  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

17  litigation and who have signed the "Agreement to Be Bound by Protective Order"

18  (Exhibit A);

19         (c)     experts (as defined in this Order) of the Receiving Party to

20  whom disclosure is reasonably necessary for this litigation and who have signed the

21  "Agreement to Be Bound by Protective Order" (Exhibit A);

22         (d)     the Court and its personnel;

23         (e)     court reporters, their staffs, and professional vendors to

24  whom disclosure is reasonably necessary for this litigation and who have signed the

25  "Agreement to Be Bound by Protective Order" (Exhibit A);

26         (f)     during their depositions, witnesses in the action to whom

27  disclosure is reasonably necessary and who have signed the "Agreement to Be

28  Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony

1   or exhibits to depositions that reveal Protected Material must be separately bound by

2   the court reporter and may not be disclosed to anyone except as permitted under this

3   Stipulated Protective Order.

4               (g)     the author of the document or the original source of the

5   information.

6               7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

7   EYES ONLY" Information or Items.  Unless otherwise ordered by the court or

8   permitted in writing by the Designating Party, a Receiving Party may disclose any

9   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

10  EYES ONLY" only to:

11              (a)     the Receiving Party's Outside Counsel of record in this

12  action, as well as employees of said Counsel to whom it is reasonably necessary to

13  disclose the information for this litigation and who have signed the "Agreement to

14  Be Bound by Protective Order" that is attached hereto as Exhibit A;

15              (b)     House Counsel of a Receiving Party (1) to whom

16  disclosure is reasonably necessary for this litigation, and (2) who has signed the

17  "Agreement to Be Bound by Protective Order" (Exhibit A);

18              (c)     Experts (as defined in this Order) (1) to whom disclosure is

19  reasonably necessary for this litigation, and (2) who have signed the "Agreement to

20  Be Bound by Protective Order" (Exhibit A);

21              (d)     the Court and its personnel;

22              (e)     court reporters, their staffs, and professional vendors to

23  whom disclosure is reasonably necessary for this litigation and who have signed the

24  "Agreement to Be Bound by Protective Order" (Exhibit A);

25              (f)     during their depositions, witnesses in the action to whom

26  disclosure is reasonably necessary and who have signed the "Agreement to be Bound

27  by Protective Order." Pages of transcribed deposition testimony or exhibits to

28  depositions that reveal Protected Material must be separately bound by the court

1  reporter and may not be disclosed to anyone except as permitted under this Stipulated

2  Protective Order. In the event the parties cannot agree upon whether disclosure is

3  "reasonably necessary" said parties shall meet and confer on the matter and if there is

4  no resolution may seek relief from the Court.

5          (g)    the author of the document or the original source of

6  information.

7  8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

8  OTHER LITIGATION

9      If a Receiving Party is served with a subpoena or an order issued in other

10  litigation that would compel disclosure of any information or items designated in this

11  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY," the Receiving Party must so notify the Designating Party, in writing

13  (by fax, if possible) immediately and in no event more than three court days after

14  receiving the subpoena or order.  Such notification must include a copy of the

15  subpoena or court order.

16      The Receiving Party also must immediately inform in writing the Party who

17  caused the subpoena or order to issue in the other litigation that some or all of the

18  material covered by the subpoena or order is the subject of this Protective Order.  In

19  addition, the Receiving Party must deliver a copy of this Stipulated Protective Order

20  promptly to the Party in the other action that caused the subpoena or order to issue.

21      The purpose of imposing these duties is to alert the interested parties to the

22  existence of this Protective Order and to afford the Designating Party in this case an

23  opportunity to try to protect its confidentiality interests in the court from which the

24  subpoena or order issued.  The Designating Party shall bear the burdens and the

25  expenses of seeking protection in that court of its confidential material – and nothing

26  in these provisions should be construed as authorizing or encouraging a Receiving

27  Party in this action to disobey a lawful directive from another court.

28  ///

9.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, defined as the dismissal or entry of judgment by the district court, or if an appeal is filed, the disposition of the appeal, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any

1 | copies, abstracts, compilations, summaries, or other forms of reproducing or

2 | capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

3 | entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

4 | memoranda, correspondence or attorney work product, even if such materials contain

5 | Protected Material.  Any such archival copies that contain or constitute Protected

6 | Material remain subject to this Protective Order as set forth in Section 4

7 | (DURATION), above.

8 | 12.    MISCELLANEOUS

9 |         12.1    Right to Further Relief.  Nothing in this Order abridges the right

10 | of any person to seek its modification by the Court in the future.

11 | ///

12 | ////

13 | ///

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ////

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ////

1

2         12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of

3 this Protective Order no Party waives any right it otherwise would have to object to

4 disclosing or producing any information or item on any ground not addressed in this

5 Stipulated Protective Order.  Similarly, no Party waives any right to object on any

6 ground to use in evidence any of the material covered by this Protective Order.

7       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8 Dated: October 17, 2017      **THE BLOOM FIRM**

9                           /s/ Jivaka Candappa

              By: _____

10                 Jivaka Candappa

11                 Attorneys Plaintiffs HELEN LANGLEY;

                DARRELL SMITH; DUARELL SMITH;

12                 IRVIN ANDERSON; LIONELL CHISM-

13                 LANGLEY; WILLFREDO CHISM; L.L. and

14                 D.L.

15 Dated: October 17, 2017      **MICHAEL N. FEUER**, City Attorney

16                 **THOMAS H. PETERS**, Chief Assistant City

                Attorney

17                 **CORY M. BRENTE**, Assistant City Attorney

18                     /s/ Michael Amerian

              By: _____

19                 **MICHAEL R. AMERIAN**, Deputy City Attorney

20                 *Attorneys for Defendants* CITY OF LOS

                ANGELES, OFFICER GAXIOLA, OFFICER

21                 REYES, and SERGEANT SANDOZ

22                       **ORDER**

23       **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

24

25 DATED: 10|18|2017

26

27                       Hon. John E. McDermott

                      United States Magistrate

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name] of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understood the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Helen Langley et al. vs. City of Los Angeles et al.*, Case No. 2:17-CV-05490 FMO (JEM).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____